1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| BRYAN DAMON PATTERSON, | Case No. 1:22-cv-01049-EPG-HC |
| Petitioner, | ORDER GRANTING MOTION TO CORRECT, DIRECTING CLERK OF COURT TO CORRECT DOCKET TEXT, SUBSTITUTE RESPONDENT, AND ASSIGN DISTRICT JUDGE |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | (ECF No. 4) |
| Respondent. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF CORAM NOBIS |

12
13
14
15
16
17
18
19

Petitioner Bryan Damon Patterson is proceeding *pro se* with a petition for writ of coram

20

nobis pursuant to 28 U.S.C. § 1651. Given that coram nobis relief is not available in federal court

21

to attack a state court conviction, the undersigned recommends that the petition be dismissed.

22

**I.**

23

**DISCUSSION**

24

**A.  Motion for Order of Correction**

25

On September 1, 2022, Petitioner filed a motion "to correct the Court's error in

26

proceeding title and Respondent identity." (ECF No. 4 at 1.)[1] Although the docket text states that

27

Document No. 1 is a petition for writ of habeas corpus, the Court is aware that Petitioner is

28

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

proceeding with a petition for writ of coram nobis. The Court notes that the petition did not name any Respondent, and it appears that Petitioner seeks to substitute the People of the State of California as Respondent in this matter. The Court will grant Petitioner's motion and direct the Clerk of Court to correct the docket text to reflect that Document No. 1 is a petition for writ of coram nobis and to substitute the People of the State of California as Respondent in this matter.

### B.  Petition for Writ of Coram Nobis

"Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007). As a "writ of error coram nobis attacking [a] conviction may only be brought in the sentencing court," United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002), "[c]oram nobis relief is not available in federal court to attack a state court conviction," Casas-Castrillon v. Warden, 265 F. App'x 639, 640 (9th Cir. 2008). Accord Pomeroy v. Alaska, 785 F. App'x 470, 470 (9th Cir. 2019) ("The district court properly dismissed Pomeroy's petition challenging his Alaska state conviction for assault because coram nobis relief is not available in federal court to attack a state court conviction."); Hensley v. Municipal Court, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court."), rev'd on other grounds, 411 U.S. 345 (1973).

Here, Petitioner seeks coram nobis relief with respect to his 2003 Merced County Superior Court convictions.[2] "[B]ecause coram nobis relief is not available in federal court to attack a state court conviction," Pomeroy, 785 F. App'x at 470, the Court does not have jurisdiction over the petition and it should be dismissed.[3]

---

[2] Petitioner was released from custody on June 13, 2008. (ECF No. 1 at 6–7.) Petitioner was later arrested on unrelated charges in the Solano County Superior Court. The 2003 convictions challenged in the instant petition were used to enhance Petitioner's sentence that he is currently serving. (ECF No. 1 at 7 n.2.)

[3] To the extent the petition could be construed as a 28 U.S.C. § 2254 habeas petition challenging Petitioner's current enhanced sentence on the ground that his prior convictions were unconstitutional, relief is not warranted because the petition would be an unauthorized successive petition under 28 U.S.C. § 2244(b). Petitioner previously sought

**II.**

**ORDER & RECOMMENDATION**

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to correct (ECF No. 4) is GRANTED; and

2. The Clerk of Court is DIRECTED to:

    a. Correct the docket text to reflect that Document No. 1 is a petition for writ of coram nobis;

    b. Substitute People of the State of California as Respondent; and

    c. Randomly assign a District Court Judge to the present matter.

Further, the undersigned HEREBY RECOMMENDS that that the petition for writ of coram nobis be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2022**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

---

federal habeas relief in this Court with respect to the Solano County Superior Court convictions in Patterson v. People of the State of California, No. 2:12-cv-02475-KJM-EFB, and the petition was denied on the merits.